By the Court.
The issues shown by the pleadings in an action will show whether, after a judgment, there be a right to a second trial, under the act passed April 12, 1858. If there be an issue of fact joined between the parties, which either party has the right to demand shall be tried by a jury, then either party may demand a second trial. If there be a joinder of several causes of action, and an issue of fact as to either of them, which either party has a right to have tried by a jury, a second trial may be demanded, and there can not be an appeal, though one or more of the causes of action would be such as would otherwise authorize an appeal.
Where an action is brought upon a note and on a mortgage given to secure its payment, and a judgment is asked upon the note, and for the sale of the mortgaged property, any issue of fact which affects the judgment upon the note, is an issue which either party has a right to demand that it shall be tried by a jury; and in such a case there *may be a second trial, but not an appeal. If there be no such issue of fact, or the judgment asked is simply for a finding of the amount due upon the note and a sale of the property mortgaged, either party would have the right to appeal, and not a right to a second trial.
A claim upon a note for a personal judgment, and a claim for a sale of property conveyed by mortgage to secure the payment of the note, are to be regarded, in view of a right to demand a trial by jury, and to determine as to the right to.a second trial or an appeal, as distinct claims, properly constituting separate causes of action. Whether, and in what cases they can be united in one action, if there be a demurrer for misjoinder, is not decided; but when so united as to any issue of fact affecting the claim to a personal j udgment, there is a right to demand a trial by j ury, and this right requires that, as between a second trial and appeal, the former must be adopted.
Appeal dismissed.
Stryker & Miller, for the motion.
John Mackey, contra.